**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter __7__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | 8634 Dissolution, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | Allios, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 84-4183684 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **2051 Midway Road**<br>**Lewisville, TX 75056**<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Denton**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

30202328.1

Debtor  **8634 Dissolution, Inc.**                                    Case number *(if known)* _____
_____
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5416**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☒ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **See Schedule 1** | | | Relationship | **See Schedule 1** |
| District | **Delaware** | When | _____ | Case number, if known | |

**8634 Dissolution, Inc.**

| Debtor | | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    .

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☒ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**8634 Dissolution, Inc.**

Debtor _____    Case number (*if known*) _____

Name

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     06/02/2023
                MM / DD / YYYY

**X**    **/s/ Mark Baysinger**                          **Mark Baysinger**
Signature of authorized representative of debtor          Printed name

Title    **Authorized Person**

---

**18. Signature of attorney**    **X**    **/s/ Sean M. Beach**    Date    06/02/2023
Signature of attorney for debtor                                MM / DD / YYYY

**Sean M. Beach**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 571-6600**    Email address    **sbeach@ycst.com**

**4070 DE**
Bar number and State

## Schedule 1

## Pending Bankruptcy Cases Filed by the Debtor and Its Affiliate

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 7 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

| Entity Name |
| --- |
| NWon, LLC |
| Nexius Solutions, Inc. |
| Velex, Inc. |
| 2816 Dissolution, Inc. |
| 1146 Dissolution, Inc. |
| 7695 Dissolution, Inc. |
| 3118 Dissolution, Inc. |
| 8634 Dissolution, Inc. |

### ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF

NWON, LLC
NEXIUS SOLUTIONS, INC.
VELEX, INC.
2816 DISSOLUTION, INC.
1146 DISSOLUTION, INC.
7695 DISSOLUTION, INC.
3118 DISSOLUTION, INC.
8634 DISSOLUTION, INC.

APRIL 20, 2023

Pursuant to Sections 141(f) and 251 of the General Corporation Law of the State of Delaware (the "*DGCL*") and the bylaws of each of (i) NWON, LLC ("*NWON*"), (ii) Nexius Solutions, Inc. ("*Nexius Solutions*"), (iii) Velex, Inc. ("*Velex*"), (iv) 2816 Dissolution, Inc. ("*2816*"), (v) 1146 Dissolution, Inc. ("*1146*"), (vi) 7695 Dissolution, Inc. ("*7695*"), (vii) 3118 Dissolution, Inc. ("*3118*") and (viii) 8634 Dissolution, Inc. ("*8634*", and together with NWON, Nexius Solutions, Velex, 2816, 1146, 7695, 3118, collectively, the "*Company*") the undersigned, being all of the members of the Board of Directors (the "*Board*") of the Company hereby waive all requirements of notice to take the following actions and adopt the following resolutions by unanimous written consent without a formal meeting.

WHEREAS, in light of certain defaults having occurred under the controlling loan documents, certain of the Company's secured lenders elected to exercise their rights and remedies by selling their right and title to the collateral securing the Company's obligations by private sale (the "*UCC Sale*") to a third-party purchaser (the "*Purchaser*") in accordance with Article 9 of the Uniform Commercial Code as adopted in the State of New York; and

WHEREAS, simultaneous with the closing of the UCC Sale, by separate agreement, the Company sold its remaining de minimis assets to the Purchaser for nominal consideration; and

WHEREAS, the Company continues to operate on a limited basis under the auspice of a transition services agreement for the benefit of the Purchaser; and

WHEREAS, in light of the Company's financial condition, the Company has previously engaged certain professionals to advise the Company on the dissolution of the Company, including potentially seeking relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), if advisable; and

WHEREAS, the directors of the Company have engaged in numerous and extensive discussions (including, without limitation, with management and professional advisors) regarding the Company's financial condition, including its liabilities, and any strategic alternatives available to it; and

WHEREAS, the Company has determined that it may be desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of chapter 7 of the Bankruptcy Code;

NOW, THEREFORE, BE IT

RESOLVED, that each of the Chief Executive Officer, Chief Financial Officer, and any other officer or person designated and so authorized to act (each, an "***Authorized Officer***") on behalf of the Company be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify a petition under chapter 7 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") at such time or in such other jurisdiction as the Authorized Officer executing the petition shall determine; and it is further

RESOLVED, that the law firms of Cooley LLP and Young Conaway Stargatt & Taylor, LLP be, and hereby are, employed as attorneys to represent the Company in connection with any such chapter 7 case; and it is further

RESOLVED, that any Authorized Officer be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 7 case, including attending the meeting of creditors pursuant to section 341 of the Bankruptcy Code on behalf of the Company; and it is further

RESOLVED, that any Authorized Officer and such other officers of the Company as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate the successful prosecution of the chapter 7 case; and it is further

RESOLVED, that each Authorized Officer be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to execute such consents of the Company, as such Authorized Officer considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and it is further

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of April 20, 2023.

**DIRECTORS:**

**Nabil Taleb**, *Sole Director*
NWON, LLC, Nexius Solutions, Inc., 2816 Dissolution, Inc. 1146 Dissolution, Inc., 7695 Dissolution, Inc., 3118 Dissolution, Inc., and 8634 Dissolution, Inc.

**Mark Baysinger**, *Sole Director*
Velex, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| NWON, LLC,[1] | Case No. 23-_____ (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 7 |
| NEXIUS SOLUTIONS, INC., | Case No. 23-_____ (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 7 |
| VELEX, INC., | Case No. 23-_____ (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 7 |
| 2816 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 7 |
| 1146 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |

---

[1]  The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are NWon, LLC (3676), Nexius Solutions, Inc. (3174), Velex, Inc. (4079), 2816 Dissolution, Inc. (2816), 1146 Dissolution, Inc. (1146), 7695 Dissolution, Inc. (7695), 3118 Dissolution, Inc. (3118), and 8634 Dissolution, Inc. (8634).  The Debtors' headquarters is located at 2051 Midway Rd, Lewisville, TX 75056.

| | |
|---|---|
| In re:<br><br>7695 DISSOLUTION, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-\_\_\_\_\_ (\_\_\_) |
| In re:<br><br>3118 DISSOLUTION, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-\_\_\_\_\_ (\_\_\_) |
| In re:<br><br>8634 DISSOLUTION, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-\_\_\_\_\_ (\_\_\_) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## PURSUANT TO FED R. BANKR. P. 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), to the best of their knowledge, information, and belief, hereby state as follows:

1.      NWon, LLC owns 100% of the equity interests of the following Debtors:

- Nexius Solutions, Inc.
- Velex, Inc.
- 2816 Dissolution, Inc.
- 1146 Dissolution, Inc.
- 7695 Dissolution, Inc.
- 3118 Dissolution, Inc.

- 8634 Dissolution, Inc.

**Fill in this information to identify the case:**

Debtor name     **8634 Dissolution, Inc.**

United States Bankruptcy Court for the:     DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration       **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **6/2/23**                  X   **/s/    Mark Baysinger**
                                              Signature of individual signing on behalf of debtor

                                              **Mark Baysinger**
                                              Printed name

                                              **Authorized Signatory**
                                              Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| NWON, LLC,[1] | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| NEXIUS SOLUTIONS, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| VELEX, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| 2816 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| 1146 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are NWon, LLC (3676), Nexius Solutions, Inc. (3174), Velex, Inc. (4079), 2816 Dissolution, Inc. (2816), 1146 Dissolution, Inc. (1146), 7695 Dissolution, Inc. (7695), 3118 Dissolution, Inc. (3118), and 8634 Dissolution, Inc. (8634). The Debtors' headquarters is located at 2051 Midway Rd, Lewisville, TX 75056.

| | |
|---|---|
| In re:<br><br>7695 DISSOLUTION, INC.,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |
| In re:<br><br>3118 DISSOLUTION, INC.,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |
| In re:<br><br>8634 DISSOLUTION, INC.,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS

1.      Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that my firm, Cooley LLP ("Cooley"), is counsel for the above-captioned debtors (collectively, the "Debtors") and that compensation paid to Cooley within one year before the filing of the petition in bankruptcy, or agreed to be paid to Cooley, for services rendered or to be rendered on behalf of the Debtors in contemplation of or in connection with the bankruptcy cases is as follows:

For legal services, Cooley has agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . $125,000

Prior to the filing of this statement Cooley has received . . . . . . . . . . . . . . . . . $250,000

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    $0

2.      The source of the compensation paid to Cooley was Nexius Solutions, Inc.  The Debtors agreed that a portion of retainer funds that Nexius Solutions, Inc. paid to Cooley in contemplation of or in connection with the bankruptcy cases would be transferred from Cooley to Young Conaway Stargatt & Taylor, LLP ("YCST") to satisfy the retainer amount owed under YCST's engagement letter and would be earned upon receipt by YCST.

3.      Cooley has not agreed to share the above-disclosed compensation with any other person, unless they are a partner, counsel, or associate of Cooley.

4.      In return for the above-disclosed fee, Cooley has agreed to render legal services relating to these bankruptcy cases, including:

        a.      Analyzing the Debtors' financial situation, and rendering advice to the Debtors in determining whether to file bankruptcy petitions;

        b.      Coordinating preparation of the voluntary petitons, schedules and statements of financial affairs in bankruptcy and certain other documents that may be required, and advising the Debtors with respect to the same; and

        c.      Advising the Debtors in preparation for the meeting of creditors, and any adjourned hearings thereof.

5.      By agreement with the Debtors, the above-disclosed fee does not include the representation of the Debtors in adversary proceedings and other contested bankruptcy matters, nor does it include any future non-bankruptcy representation.

## <u>CERTIFICATION</u>

I hereby certify that the foregoing is a complete statement of any agreement or arrangement for payment to Cooley for representation of the Debtors in these bankruptcy proceedings.

Dated: Wilmington, Delaware          COOLEY LLP
       June 2, 2023


                                     */s/ Summer M. McKee*
                                     Michael Klein
                                     Summer M. McKee
                                     55 Hudson Yards
                                     New York, NY 10025
                                     Telephone: (212) 479-6000
                                     Facsimile: (212) 479-6275
                                     mklein@cooley.com
                                     smckee@cooley.com

                                     *Counsel for the Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NWON, LLC,[1]<br><br>    Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |
| In re:<br><br>NEXIUS SOLUTIONS, INC.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |
| In re:<br><br>VELEX, INC.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |
| In re:<br><br>2816 DISSOLUTION, INC.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |
| In re:<br><br>1146 DISSOLUTION, INC.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are NWon, LLC (3676), Nexius Solutions, Inc. (3174), Velex, Inc. (4079), 2816 Dissolution, Inc. (2816), 1146 Dissolution, Inc. (1146), 7695 Dissolution, Inc. (7695), 3118 Dissolution, Inc. (3118), and 8634 Dissolution, Inc. (8634).  The Debtors' headquarters is located at 2051 Midway Rd, Lewisville, TX 75056.

| | |
|---|---|
| In re: | Chapter 7 |
| 7695 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| 3118 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |
| In re: | Chapter 7 |
| 8634 DISSOLUTION, INC., | Case No. 23-_____ (___) |
| Debtor. | |

## **DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS**

1.      Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that my firm, Young Conaway Stargatt & Taylor, LLP ("YCST"), is counsel for the above-captioned debtors (collectively, the "Debtors") and that compensation paid to YCST within one year before the filing of the petition in bankruptcy, or agreed to be paid to YCST, for services rendered or to be rendered on behalf of the Debtors in contemplation of or in connection with the bankruptcy cases is as follows:

For legal services, YCST has agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . $125,000

Prior to the filing of this statement YCST has received . . . . . . . . . . . . . . . . $125,000

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $0

2.      The source of the compensation paid to YCST was Nexius Solutions, Inc.  The Debtors agreed that a portion of retainer funds that Nexius Solutions, Inc. paid to the Debtors' legal counsel, Cooley LLP ("Cooley"), would be transferred from Cooley to YCST to satisfy the retainer amount owed under YCST's engagement letter and would be earned upon receipt by YCST.

3.      YCST has not agreed to share the above-disclosed compensation with any other person, unless they are a partner, counsel, or associate of YCST.

2

4.      In return for the above-disclosed fee, YCST has agreed to pay the filing fees required to commence these bankruptcy cases and has further agreed to render legal services relating to these bankruptcy cases, including:

        a.      Analyzing the Debtors' financial situation, and rendering advice to the Debtors in determining whether to file bankruptcy petitions;

        b.      Preparing and filing voluntary petitions in bankruptcy and certain other documents that may be required; and

        c.      Representing the Debtors at the meeting of creditors, and any adjourned hearings thereof.

5.      By agreement with the Debtors, the above-disclosed fee does not include the representation of the Debtors in adversary proceedings and other contested bankruptcy matters, nor does it include any future non-bankruptcy representation.

## **CERTIFICATION**

I hereby certify that the foregoing is a complete statement of any agreement or arrangement for payment to YCST for representation of the Debtors in these bankruptcy proceedings.


Dated: Wilmington, Delaware
June 2, 2023

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Sean M. Beach*
Sean M. Beach (Del. No. 4070)
Sean T. Greecher (Del. No. 4484)
Jared W. Kochenash (Del. No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
sbeach@ycst.com
sgreecher@ycst.com
jkochenash@ycst.com

*Counsel for the Debtors*

4